UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
AIRIZ ANTHONY COLEMAN,                          :     CASE NO. 4:16-CV-807
                                                :
            Petitioner,                         :
                                                :
vs.                                             :     OPINION & ORDER
                                                :
CHRISTOPHER LAROSE, WARDEN,                     :
                                                :
            Respondent.                         :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* petitioner Airiz Anthony Coleman has filed a "Petition for a Writ of Habeas Corpus." (Doc No 2.) In his petition, he cites only to 28 U.S.C. §2243, but the civil cover sheet he filed with his petition indicates he seeks relief pursuant to 28 U.S.C. §2241.

The basis for the petition is petitioner's claim he "was unlawfully detained and fraudulently charged" for having weapons while under a disability in violation of 18 U.S.C. §§922(g)(1) and 924(a)(2). Petitioner was tried and, on May 10, 2016, convicted in this Court on the charge of which he complains in *U.S. v. Coleman*, Case No. 4: 16 CR 46 (N.D. Ohio). He has yet to be sentenced in that case.

Promptly after the filing of a habeas petition, a district court must undertake a preliminary review of the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing Section 2254 Cases (applicable to petitions under Section 2241 pursuant to Rule 1(b)). If so, the petition must be summarily dismissed. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)

(the district court has "a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face").

It is evident from the face of the petition that the petitioner is not entitled to habeas relief.

A habeas petition under §2241 "is appropriate for claims challenging the execution or manner in which [a] sentence is served," not for claims challenging the validity of a prisoner's conviction or sentence, which must be asserted in the sentencing court pursuant to 28 U.S.C. §2255. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Under highly exceptional circumstances, a federal prisoner may challenge his conviction or sentence via §2241, instead of §2255, if he is able to establish that his remedy under §2255 is inadequate or ineffective to test the legality of his detention. *Allen v. Lamanna*, 13 F. App'x 308, 310 (6th Cir. 2001).

Petitioner is not entitled to any relief by way of §2241. He has neither asserted his claim pursuant to §2255 or demonstrated that remedy is inadequate or ineffective.

**Conclusion**

Accordingly, petitioner's motion to proceed *in forma pauperis* (Doc. No. 3) is granted and his habeas petition is summarily dismissed. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: May 23, 2016          *s/    James S. Gwin*
                             JAMES S. GWIN
                             UNITED STATES DISTRICT JUDGE